[Cite as *State v. Rocco*, 2011-Ohio-4978.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| LINDA ROCCO | : | Case No. 2011CA00071 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal
Court, Case No. 2011CRB00268


JUDGMENT:      Reversed


DATE OF JUDGMENT:      September 26, 2011


APPEARANCES:

For Plaintiff-Appellee

ANTHONY P.A. RICH
218 Cleveland Avenue, SW
P.O. Box 24218
Canton, OH  44701

For Defendant-Appellee

ROBERT P. DESANTO
432 Center Street
Ashland, OH  44805

*Farmer, J.*

{¶1}   On December 21, 2010, undercover agents from the Ohio Department of Public Safety Investigative Unit, Victoria McBride and James Gaal, went to the VFW Post 3747 in Stark County, Ohio, to investigate complaints of illegal gambling. Appellant, Linda Rocco, was working as a barmaid and let the agents in.  Agent McBride played a machine called the Puzzle Bug Video Machine.  She played until the machine indicated she had won $30.00.  At that point, she took her redeemable voucher to appellant to obtain her prize.  Appellant paid Agent McBride $30.00 and the agents left.

{¶2}   On December 30, 2010, the agents returned with a search warrant and confiscated several items, including the Puzzle Bug Video Machines.  Appellant was subsequently charged with one count of skill-based amusement machine prohibited conduct in violation of R.C. 2915.06.

{¶3}   A jury trial commenced on March 15, 2011.  At the conclusion of the state's case-in-chief and again at the conclusion of the trial, appellant made a Crim.R. 29 motion for acquittal.  The trial court denied the motion both times.  The jury found appellant guilty as charged, and the trial court sentenced her to one hundred eighty days in jail, suspended on the condition of fifty hours of community service and good behavior for two years.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "A NON-CASH PRIZE, TOY OR NOVELTY RECEIVED AS A REWARD FOR PLAYING OR OPERATING A SKILL-BASED AMUSEMENT MACHINE IS AN ESSENTIAL ELEMENT OF O.R.C. 2915.06.  AN ELECTRONIC VIDEO MACHINE THAT PAYS CASH PRIZES OR VOUCHERS REDEEMABLE FOR CASH FAILS TO MEET THE DEFINITION OF A SKILL-BASED AMUSEMENT MACHINE (AN ESSENTIAL ELEMENT), AND THE COURT SHOULD HAVE GRANTED DEFENDANT'S MOTION FOR ACQUITTAL FOR FAILURE OF THE STATE TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME OF SKILL-BASED AMUSEMENT MACHINE PROHIBITED CONDUCT O.R.C. 2915.06."

II

{¶6}   "IT WAS AN ERROR FOR THE COURT TO OVERRULE DEFENDANT'S MOTION FOR ACQUITTAL WHERE THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENT THAT A NONCASH PRIZE TOY OR NOVELTY RECEIVED AS A REWARD FOR PLAYING OR OPERATING A SKILL-BASED AMUSEMENT MACHINE.  THE STATE FAILED TO PROVE THAT THE MACHINE INVOLVED DID NOT HAVE OPERATIONAL FEATURES DISQUALIFYING IT FROM THE DEFINITION OF SKILL-BASED AMUSEMENT MACHINE."

III

{¶7}   "WHERE THE STATE FAILED TO PROVE THE REQUISITE CULPABLE MENTAL STATE OF RECKLESSNESS, IT WAS AN ERROR FOR THE COURT TO OVERRULE THE DEFENDANT'S MOTION FOR ACQUITTAL."

IV

{¶8} "THE COURT ERRED IN PROHIBITING DEFENDANT'S COUNSEL TO OFFER EVIDENCE THAT THE SAME OFFICER WHO TESTIFIED THE PUZZLE BUG WAS A SKILL-BASED AMUSEMENT MACHINE IN THE ORIGINAL CASE AGAINST THE DEFENDANT ALSO CLAIMED IT WAS AN ILLEGAL GAMBLING DEVICE IN A LIQUOR COMMISSION ADMINISTRATIVE PROCEEDING."

I, II

{¶9} Appellant claims the trial court erred in denying her motion for acquittal. Specifically, appellant claims the Puzzle Bug Video Machine did not meet the definition of a skill-based amusement machine under R.C. 2915.01(AAA). We agree.

{¶10} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:

{¶11} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶12} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus:

{¶13} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions

as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶14} Appellant was convicted of skill-based amusement machine prohibited conduct in violation of R.C. 2915.06 which states:

{¶15} "(A) No person shall give to another person any item described in division (BBB)(1), (2), (3), or (4) of section 2915.01 of the Revised Code in exchange for a noncash prize, toy, or novelty received as a reward for playing or operating a skill-based amusement machine or for a free or reduced-price game won on a skill-based amusement machine."

{¶16} A "skill-based amusement machine" is defined in R.C. 2915.01(AAA) as follows:

{¶17} "(1) ***[A] mechanical, video, digital, or electronic device that rewards the player or players, if at all, only with merchandise prizes or with redeemable vouchers redeemable only for merchandise prizes, provided that with respect to rewards for playing the game all of the following apply:

{¶18} "(a) The wholesale value of a merchandise prize awarded as a result of the single play of a machine does not exceed ten dollars;

{¶19} "(b) Redeemable vouchers awarded for any single play of a machine are not redeemable for a merchandise prize with a wholesale value of more than ten dollars;

{¶20} "(c) Redeemable vouchers are not redeemable for a merchandise prize that has a wholesale value of more than ten dollars times the fewest number of single plays necessary to accrue the redeemable vouchers required to obtain that prize; and

{¶21} "(d) Any redeemable vouchers or merchandise prizes are distributed at the site of the skill-based amusement machine at the time of play.

{¶22} "(2) A device shall not be considered a skill-based amusement machine and shall be considered a slot machine if it pays cash or one or more of the following apply:

{¶23} "(a) The ability of a player to succeed at the game is impacted by the number or ratio of prior wins to prior losses of players playing the game.

{¶24} "(b) Any reward of redeemable vouchers is not based solely on the player achieving the object of the game or the player's score;

{¶25} "(c) The outcome of the game, or the value of the redeemable voucher or merchandise prize awarded for winning the game, can be controlled by a source other than any player playing the game.

{¶26} "(d) The success of any player is or may be determined by a chance event that cannot be altered by player actions.

{¶27} "(e) The ability of any player to succeed at the game is determined by game features not visible or known to the player.

{¶28} "(f) The ability of the player to succeed at the game is impacted by the exercise of a skill that no reasonable player could exercise."

{¶29} The issue is whether the record demonstrates that the Puzzle Bug Video Machine is a skilled-based amusement machine. Appellant argues the Puzzle Bug machine was not a skill-based amusement machine because the redeemable vouchers it issued were redeemable for cash. Appellant argues the Puzzle Bug machine was a "slot-machine" and therefore she was incorrectly charged.

{¶30} Agents McBride and Gaal both testified the Puzzle Bug machine was a skilled-based amusement machine. T. at 36, 91. Agent McBride readily admitted she was not an expert. T. at 55.

{¶31} It is undisputed that when Agent McBride played the machine, she obtained enough points to win $30.00. T. at 37. A ticket was dispensed, not money. T. at 38. She took the ticket to the bartender, appellant herein, and appellant took the ticket and gave Agent McBride $30.00 cash. T. at 38-39.

{¶32} On cross-examination, Agent McBride stated the voucher was no good unless it was redeemed for cash and the payout was cash. T. at 51, 64. She also admitted she did not check out the machine to see if it met any of the exceptions under R.C. 2905.01 (AAA)(2). T. at 56-58.

{¶33} Agent Gaal testified the only thing that made the Puzzle Bug Video Machine illegal in Ohio was the cash payout. T. at 103. He also admitted, as did Agent McBride, that no examination of the video machine was done to determine if it was a skilled-based amusement machine. T. at 104-106.

{¶34} Implicit in the statute is the need to establish competent credible evidence that the Puzzle Bug Video Machine was a skilled-based amusement machine. Generally, proof is established via expert testimony or a prior court judgment recognizing a Puzzle Bug Video Machine as a skill-based amusement machine.

{¶35} In the record sub judice, both agents admitted to not being experts and to not examining the video machine relative to the definitional characteristics. Further, the testimony established the video machine's redeemable ticket paid out cash like a "slot machine."

**{¶36}** Upon review, we concur with appellant's argument that the evidence was insufficient to establish a violation of R.C. 2915.06. The trial court erred in denying her motion for acquittal.

**{¶37}** Assignments of Error I and II are granted.

III, IV

**{¶38}** These assignments are moot given our decision in Assignments of Error I and II.

**{¶39}** The judgment of the Canton Municipal Court of Stark County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

 s/ William B. Hoffman_____

JUDGES

SGF/sg 906

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LINDA ROCCO | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00071 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is reversed. Costs to appellee.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


_s/ William B. Hoffman_____
JUDGES